**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**

NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-3976
TOLL FREE: (855) 213-8450
EMAIL: Katherine_Newberger@fd.org

JAMES WYDA                                                                KATHERINE TANG NEWBERGER
FEDERAL PUBLIC DEFENDER                                      FIRST ASSISTANT FEDERAL PUBLIC DEFENDER

April 10, 2023

Hon. Julie R. Rubin
U.S. District Court
101 W. Lombard Street
Baltimore, MD 21201

       Re:    <u>United States v. Terrence Johnson</u>
               Criminal Case No. JRR-23-020

Dear Judge Rubin:

I write in advance of the guilty plea hearing scheduled for Thursday, April 20, 2023, to ask the Court to proceed immediately to sentencing in this matter. Mr. Johnson has entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to six-months imprisonment, which is toward the high-end of the applicable guidelines range. Because Mr. Johnson is in state custody, being held without bail because his arrest for the instant offense triggered the filing of a violation of probation petition, he cannot begin accruing time toward his federal sentence until it is imposed. Accordingly, we ask the Court to sentence him on April 20, 2023, to 6-months incarceration to begin immediately.

### **Procedural Background**

Baltimore City Police arrested Mr. Johnson on August 29, 2022, after an officer watched an Instagram Live feed of Mr. Johnson driving with a handgun between the driver's seat and the center console of his car, which was registered in his name. The police located Mr. Johnson sitting in his parked car near the Green Street Academy. He was swiftly patted down and arrested; Mr. Johnson did not resist arrest in any way.

Mr. Johnson initially faced state charges, which were dismissed when a federal grand jury indicted him for possession of a firearm in a school zone, in violation of 18 U.S.C. § 922(q)(2)(A).[1] However, Mr. Johnson remained in state custody for allegedly violating his probation before judgment in another case.

---

[1] The government's sentencing letter (ECF No. 21) notes that suspected marijuana was also found in Mr. Johnson's vehicle but has yet to be tested. I have confirmed with Special Assistant United States Attorney Liane Kozik, and she has authorized me to make clear in this filing, that the government does not intend to charge Mr. Johnson with the suspected marijuana, even if testing determines it was, in fact, marijuana.

## Applicable Sentencing Guidelines

The maximum possible penalty for a violation of 18 U.S.C. § 922(q) is five years of imprisonment, but the guidelines call for a substantially lower sentence in this case. Guidelines § 2K2.5 clearly applies to violations of 18 U.S.C. § 922(q)(2)(A). Pursuant to § 2K2.5(a), the base offense level is 6. An additional 2 levels are added pursuant to § 2K2.5(b)(1)(B) because the firearm was possessed within a school zone. Mr. Johnson receives a 2-level reduction for his prompt acceptance of responsibility pursuant to § 3E1.1(a) (and cannot receive a third level because his offense level is lower than 16, *see* § 3E1.1(b)). The final offense level is 6.

Mr. Johnson has a very minimal prior record: On October 24, 2019, he received a probation before judgment for possessing a handgun in a vehicle, in violation of MD CRIM. LAW § 4-203, and placed on three years of probation. Although a PBJ, this prior case counts as a prior conviction for purposes of the U.S. Sentencing Guidelines. *See* U.S.S.G. § 4A1.2(f). But because Mr. Johnson received a probationary sentence, the case receives only 1 criminal history point. *See* U.S.S.G. § 4A1.1(c). Mr. Johnson receives an additional 2 criminal history points because he was on probation at the time of the instant offense.[2] *See* 4A1.1(d). Accordingly, Mr. Johnson has 3 criminal history points, which places him in criminal history category II.

With a final offense level of 6 and criminal history category II, Mr. Johnson faces a guidelines range of 1-7-months incarceration, which falls within Zone B of the sentencing guidelines table. The parties have agreed that the appropriate sentence in this case is six-months incarceration to be followed by a term of supervised release.

## A Six-Month Sentence Is Sufficient in this Case

Although the parties have agreed to a six-month sentence of imprisonment, Mr. Johnson will ultimately serve more than double that in custody due to the probation violation he is facing in state court. By April 20, when Mr. Johnson appears before the Court to enter his guilty plea, he will have been in continuous state custody since August 29, 2022, that is for nearly 8 months. However, it is extremely unlikely that he will receive federal credit for any of that time because it will almost certainly be allocated to his eventual probation violation sentence. Mr. Johnson is set to appear for his violation of probation on April 25, 2023. Thus, even if he receives a time-served sentence on the VOP, Mr. Johnson will serve at least 14 months total for this offense.

Possession of a firearm in a school zone is a serious offense because of the dangers inherent to firearms. Mr. Johnson is well-aware of the damage firearms can cause: He is the victim of gun violence. In December 2018, seven months after graduating from Edmonson-Westside High School (undersigned received his transcript confirming his graduation from the Baltimore City Public Schools), Mr. Johnson was shot in the hand and arm when someone tried

---

[2]     The Defense notes that under the proposed amendments to the United States Sentencing Guidelines, which would take effect on November 1, 2023, Mr. Johnson would not receive two "status" points for being on probation at the time of the instant offense. *See* Amendments to the Sentencing Guidelines at 75, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf.

United States v. Terrence Johnson, JRR-23-020
Defense Sentencing Memo
Page 3

to rob him.  Mr. Johnson has permanent nerve damage, so even after two years of physical therapy, he does not have full feeling in his hand.  Having been the victim of gun violence, Mr. Johnson possessed a firearm in an effort to feel safe.

The almost eight months that Mr. Johnson has already been in custody and the additional six months he faces in this case have taught him that he will have to find different ways of feeling physically secure.  It has also given him an opportunity to reflect on how he wants to live his life going forward.  Prior to his arrest, Mr. Johnson was working through temp agencies and under-the-table for a friend's landscaping business, which enabled him to purchase a car, which he had registered in his own name.  He now hopes to start his own moving and hauling company.

Mr. Johnson enjoys substantial familial support.  As a child, he split his time between his mother's home and his grandmother's home.  His mother has closely followed his case, as has his Aunt Danielle, who remains very supportive.  He also has been in a five-year romantic relationship with Niyah Holliday-Banks, with whom he hopes to live upon his release.

For the foregoing reasons, Mr. Johnson asks the Court to accept his guilty plea pursuant to Rule 11(c)(1)(C) and to sentence him to 6-months imprisonment to begin immediately.

Respectfully,

/s/

Katherine Tang Newberger
First Assistant Federal Public Defender

cc:    Liane Kozik, Special Assistant United States Attorney